NO. 07-03-0336-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 10, 2003


______________________________



EDDIE DEAN RILEY, JR.
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 84TH DISTRICT COURT OF OCHILTREE COUNTY;



NO. 3615; HON. WILLIAM D. SMITH, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Eddie Dean Riley, Jr. appeals from a judgment convicting him for
unauthorized use of a motor vehicle. Pursuant to a plea agreement, appellant pled guilty
to the offense and was sentenced to two years confinement in a state jail facility, which
sentence was probated for five years. The State subsequently filed a motion to revoke his
probation. It alleged that appellant had 1) failed to report to his probation officer as
directed and 2) failed to make his monthly payments. At the hearing, appellant pled true
to the allegations contained in the motion to revoke. The trial court found that the
allegations were true and revoked appellant's probation. He was sentenced to 15 months
imprisonment. 

 Appellant's counsel has now moved to withdraw, after filing a brief pursuant to
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing
that he has searched the record and found no arguable grounds for reversal. The motion
and brief illustrate that counsel notified appellant of his right to review the appellate record
and file his own brief. So too did we inform appellant that any pro se response or brief he
cared to file had to be filed by December 17, 2003. Appellant filed a response wherein he
contends that he had a defense to the offense and that he no longer wished to plead guilty. 
However, appellant failed to file an appeal within 30 days of his original guilty plea. 
Because no appeal was taken within 30 days from the date of appellant's guilty plea and
order placing him on community supervision, we have no jurisdiction over purported error
arising at or before that hearing. Manuel v. State, 994 S.W.2d 658, 661 ( Tex. Crim. App.
1999).

 In compliance with the principles enunciated in Anders, appellate counsel explained
why there existed no arguable ground for appeal. For instance, he discussed possible
ineffective assistance of counsel based on counsel's failure to raise a defense. However,
appellant plead guilty to the offense in open court and signed a confession supporting his
plea of guilty. Appellate counsel also explained why appellant's plea of true or "guilty" to
the allegations contained in the motion to revoke was sufficient to support the trial court's
judgment revoking appellant's probation. 

 We have also conducted an independent review of the record to determine whether
there existed reversible error and found none. See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991) (requiring us to conduct an independent review). As previously
mentioned, no appeal was taken within 30 days from the date of appellant's guilty plea and
order placing him on community supervision; thus, we have no jurisdiction over purported
error arising at or before that hearing. Manuel v. State, supra. Further, the punishment
assessed was within the range prescribed by law. Tex. Pen. Code Ann. §31.07(b) (Vernon
2003) (stating that the offense is a state jail felony); id. at 12.35(a) (stating the range of
punishment for a state jail felony is not more than two years or less than 180 days). 

 Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the
trial court. 

 Brian Quinn 

 Justice 


Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004).